Morris S. Getzels, Esq. (SBN: 70947)
MORRIS S. GETZELS Law Office
6047 Tampa Avenue, Suite 307
Tarzana, CA 91356-1176
Telephone (818) 881-5550 or (310) 288-0200
Facsimile (818) 881-5558

Attorney for Plaintiff, Paul Delva

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PAUL DELVA<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF BURBANK; BURBANK POLICE DEPARTMENT OFFICER EION MCDONALD, SERIAL NO. 15550; BURBANK POLICE DEPARTMENT OFFICER HARRY MARKEY, SERIAL NO. 13208, AND DOES 1-10,<br><br>        Defendants. | CASE NO:<br><br>**COMPLAINT** |

Plaintiff alleges:

**PARTIES**

    1.    Plaintiff, Paul Delva, (hereinafter "Mr. Delva") is an individual who resides in the County of Los Angeles in the State of California. Mr. Delva is a citizen of the United States. At the time of the events described herein, Mr. Delva was 38 years old. Mr. Delva is a black male person.

1

COMPLAINT

2. Defendant City of Burbank is a municipality within Los Angeles County. According to the July 1, 2021 United States Census, the City of Burbank has a population that is 67.5% White, and only 3.3% Black or African American. Defendant City of Burbank is a municipality organized and existing under the law of the State of California with the capacity to sue and be sued.

3. Mr. Delva is informed and believes and thereon alleges that Defendant, the City of Burbank Police Department Officer Eion McDonald, Serial No. 15550, is a resident of the County of Los Angeles.

4. Mr. Delva sues Officer Eion McDonald in his official capacity as an officer of the City of Burbank Police Department. Defendant McDonald was at all times mentioned in this complaint, acting in the course and scope of his employment with the City of Burbank. Defendant McDonald was at all times mentioned in this complaint, acting under color of state law.

5. Mr. Delva also sues Officer McDonald in his personal, individual capacity.

6. Mr. Delva is informed and believes and thereon alleges that Defendant City of Burbank Police Department Officer Harry Markey Serial No. 13208, is a resident of the County of Los Angeles, State of California.

7. Mr. Delva sues Officer Harry Markey in his official capacity as an Officer of the City of Burbank Police Department. Defendant Markey was, at all times mentioned in this Complaint, acting in the scope and course of his employment with the City of Burbank. Defendant Markey was at all times

2
COMPLAINT

1  mentioned in this Complaint, acting under the color of state law.

8. Mr. Delva also sues Officer Harry Markey in his personal individual capacity.

9. Does 1-10 are persons or entities whose identity is not known to Mr. Delva. Leave of court will be sought to amend this complaint to sue said Defendants by their true names, when they are ascertained by Mr. Delva.

10. Mr. Delva is informed and believes and thereon alleges that each of the Doe Defendants is responsible for Mr. Delva's damages and for the deprivation of his civil rights which gave rise to the damages.

## JURISDICTION AND VENUE

11. The jurisdiction of this Court is predicated on 28 U.S.C. Sections 1331 and 1343.

12. A substantial part of the events giving rise to this action occurred in Los Angeles County, California. Venue is therefore proper under 28 U.S.C. Section 1391 (b)(2).

## FACTS

13. On or about April 13, 2022, at or about 10:50 a.m. Mr. Delva was driving his vehicle, a White 2003 Toyota Camry on Magnolia Boulevard in the City of Burbank, California.

14. Mr. Delva was driving to the 24 Hour Fitness gym, which is located on San Fernando Road in the City of Burbank, California. Mr. Delva was the only occupant of his vehicle.

15. Mr. Delva was observing all traffic laws, was not speeding and was not driving erratically. His auto registration was current, as shown by the sticker on his rear license plate.

16. Mr. Delva was doing nothing to attract attention to himself.

17. Mr. Delva has no criminal record. There were no outstanding warrants of any kind for Mr. Delva, which would require Mr. Delva to be detained or arrested.

18. Mr. Delva is a graduate of the American Film Institute Conservatory, where he earned a Master of Fine Arts Degree. Mr. Delva also has a Masters Degree in Political Science.

19. On April 13, 2022, Mr. Delva was not doing anything that would be considered suspicious or any act that would give rise to a traffic stop.

20. The lights, including all tail lights and the rear center light, on Mr. Delva's White 2003 Toyota Camry were all functioning properly on April 13, 2022, when he was driving to the gym.

21. On or about April 13, 2022, at or about 10:51 a.m., before he reached the gym, Mr. Delva was pulled over by the Burbank Police Department to the side of the street. Mr. Delva voluntarily stopped his vehicle, and opened all the windows on the vehicle.

22. There were two City of Burbank Police Officers in the police car that directed Mr. Delva to the side of the road; Defendant Officer Eion

McDonald and Defendant Officer Harry Markey.

23. Each Officer approached a different side of Mr. Delva's car. Officer McDonald approached on the driver's side, next to the driver's door. Officer Markey approached on the passenger side of the vehicle, at the front passenger seat door and window.

24. Each Officer stayed at those positions next to Mr. Delva's car, during the traffic stop.

25. The Burbank Police Department Officer McDonald asked for Mr. Delva's driver's license, insurance and car registration.

26. Mr. Delva told the Officers that he was going to reach into his glove compartment to get these papers. With his hands in plain view, Mr. Delva slowly opened the glove compartment and took out the documents and handed his California Driver's License, the vehicle registration, and the insurance card to Officer McDonald on the driver's side of the vehicle. Mr. Delva's birthday was four days earlier, and Mr. Delva had an appointment the next day at the Department of Motor Vehicles to renew his license. Mr. Delva's driver's license had expired, but it was not suspended. The registration had Mr. Delva's home address in North Hollywood, on it. Mr. Delva had an Interim Driver's License.

27. Burbank Police Officer Markey then asked Mr. Delva where he lived. Officer Markey then questioned Mr. Delva as to why was he in Burbank in the first place. The tone and content of both of the Defendant Police Officers' questions and particularly those asked by Defendant Officer Markey was as if Mr. Delva was a trespasser on private property, not a person driving on a public

street. Defendant Police Officer Markey asked whether Mr. Delva belongs in Burbank. Officer Markey also asked whether Mr. Delva had come from outside of the State of California.

28. All the questions from the Defendant Burbank Police Department Officers were asked in a menacing, aggressive tone, as if Mr. Delva had committed a crime.

29. The officer on the passenger side of the car, Officer Markey, was moving back and forth and sniffing at the open window, and seemed to be searching for an opportunity to put illegal substances inside of the car, unobserved. Because Mr. Delva watched both Defendants, as best he could, the police officer on the passenger side of car, Officer Markey, did not place any illegal substances in Mr. Delva's vehicle.

30. Although Mr. Delva's license to drive was expired, not suspended, that Mr. Delva had an Interim Driver License, and despite Mr. Delva's appointment with the DMV, set for the next day, the Defendants City of Burbank Police Officers McDonald and Markey cited Mr. Delva for driving with a suspended license.

31. Although none of the tail lights on Mr. Delva's vehicle were broken and all the lights on the vehicle were all functioning properly, including the rear center light, Defendant City of Burbank Police Department Officers McDonald and Markey gave Mr. Delva a citation for a broken rear center light. The Burbank Police Department Officers claimed that was the reason for the traffic stop. In the State of California, it is not necessary for an automobile to have more than 2 functioning tail lights, one on the left and one on the right.

# FIRST CAUSE OF ACTION FOR DAMAGES FOR DEPRIVATION OF RIGHTS UNDER THE COLOR OF STATE LAW, PURSUANT TO 42 U.S.C. SECTION 1983 (AGAINST DEFENDANTS OFFICERS MCDONALD AND MARKEY, AND DOES 1-10)

32. Mr. Delva hereby incorporates by this reference Paragraphs 1-31 of this Complaint as though each allegation therein was set forth in full herein.

33. At all times mentioned herein Defendants Officers McDonald and Markey and Does 1-10 were acting under color of state law.

34. This cause of action is brought under 42 U.S.C. Section 1983 to recover damages against Defendant Officers McDonald and Markey and Does 1-10 for violation of Mr. Delva's right to freedom from unreasonable searches and seizures guaranteed by the Fourth Amendment to the United States Constitution.

35. Mr. Delva is and at all times mentioned in this Complaint was a citizen of the Unites States and a resident of Los Angeles County, California.

36. Defendants Officers McDonald and Markey were at all times mentioned in this Complaint, Officers of the City of Burbank Police Department.

37. In stopping Mr. Delva's vehicle, as alleged herein above, when there was no probable cause to stop Mr. Delva's vehicle, and there were no grounds for reasonable suspicion that Mr. Delva had committed any act that warranted a traffic stop, Officer McDonald and Officer Markey were both acting without probable cause, legal justification, or even a reasonable suspicion of any wrongdoing by Mr. Delva. Defendants McDonald and Markey violated Mr.

Delva's right to freedom from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution.

38. As a direct and proximate result of the acts of Defendants McDonald and Markey, Mr. Delva suffered damages in that he suffered extreme emotional distress and fear, both during the unlawful traffic stop and thereafter.

39. As a result of the unlawful seizure, Mr. Delva has become afraid to drive anywhere, including to the grocery store or the post office. Mr. Delva now has great apprehension of driving anywhere, lest he be stopped again, by the police.

40. Because of this fear and anxiety, Mr. Delva has sought out mental and emotional therapy, and has had seven therapy sessions and intends to continue to attend therapy sessions. Mr. Delva's therapy costs are therefore recoverable, in an amount according to proof.

41. Further, because of this unlawful seizure, Mr. Delva has changed gyms, now going to one in North Hollywood instead of the gym in Burbank.

42. In acting as alleged in this Complaint and as alleged in this cause of action, Defendants McDonald and Markey acted knowingly, willfully and maliciously and with reckless and callous disregard for Mr. Delva's federally protected rights, which merits an award of punitive damages.

**SECOND CAUSE OF ACTION FOR DAMAGES FOR DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW, PURSUANT TO 42 U.S.C. SECTION 1983 (AGAINST DEFENDANT THE CITY OF BURBANK)**

43. Mr. Delva hereby incorporates by this reference Paragraphs 1-42 of this Complaint, as though each allegation therein was set forth in full herein.

44. This is an action brought under 42 U.S.C. Section 1983 to recover damages against Defendant City of Burbank for violation of Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution.

45. Defendant City of Burbank was, at all times mentioned in this complaint, acting under color of state law.

46. Mr. Delva is informed and believes and thereon alleges that he was subjected to a violation of his right to be free of unreasonable searches and seizures under the Fourth Amendment to the United States Constitution, as a result of the customs, practices, and policies of defendant City of Burbank.

47. Mr. Delva is informed and believes and thereon alleges that the City of Burbank fails to properly train its Police Officers in the proper reasons for traffic stops, and that it has become the custom and practices of the City of Burbank's Police Officers to make unreasonable and unlawful traffic stops of male, black citizens.

48. The customs, practices, and policies of defendant City of Burbank described in this complaint amounted to deliberate indifference to the rights of persons, such as the plaintiff, who is a black male person, who drive in and through the City of Burbank.

49. As a direct and proximate result of the customs, practices, and

policies of defendant City of Burbank described in this complaint, Mr. Delva has suffered injury, loss, and damage, including loss of liberty, emotional distress, and mental suffering. As a result of the customs, practices, and policies of Defendant City of Burbank, described in this complaint, Mr. Delva incurred medical expenses in an amount according to proof.

## PRAYER

WHEREFORE Mr. Delva prays for Judgment against Defendants and each of them as follows:

### ON THE FIRST CAUSE OF ACTION FOR DAMAGES FOR DEPRIVATION OF RIGHTS UNDER THE COLOR OF STATE LAW, PURSUANT TO 42 U.S.C. SECTION 1983 (AGAINST DEFENDANTS OFFICERS MCDONALD AND MARKEY, AND DOES 1-10)

1. For General damages for the emotional distress and mental anguish inflicted on Mr. Delva by Defendants and from which he still suffers;
2. For punitive damages;
3. For reasonable attorney's fees, pursuant to 42 U.S.C. Section 1988;
4. For costs of suit; and
5. For such other and further relief as the Court deems just or equitable under the circumstances.

### ON THE SECOND CAUSE OF ACTION FOR DAMAGES FOR DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW, PURSUANT TO 42 U.S.C. SECTION 1983 (AGAINST DEFENDANT THE CITY OF BURBANK)

1. For General damages for the emotional distress and mental anguish

inflicted on Mr. Delva by Defendant and from which he still suffers;

2. For reasonable attorney's fees, pursuant to 42 U.S.C. Section 1988;

3. For costs of suit; and

4. For such other and further relief as the Court deems just or equitable under the circumstances.

Date: September 7 , 2022                    Respectfully Submitted,


                                                /s/ Morris S. Getzels

Morris S. Getzels, Esq.
MORRIS S. GETZELS LAW OFFICE, A.P.C.
Attorney for Plaintiff

DEMAND FOR A JURY TRIAL

Plaintiff Paul Delva hereby demands a trial by jury for all the causes of action in the foregoing Complaint that can be tried by a jury.

Respectfully Submitted,

/s/ Morris S. Getzels

Morris S. Getzels, Esq.
MORRIS S. GETZELS LAW OFFICE, A.P.C.
Attorney for Plaintiff

COMPLAINT